UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
46 E Ohio St, Rm 116, Indianapolis, IN 46204

FILED
U.S. BANKRUPTCY COURT

NOV 15 2024

SOUTHERN DISTRICT OF INDIANA
CLERK OF COURTS

In re:

Rodney Grubbs, Debtor.

Joanne Friedmeyer, Trustee,

Plaintiff,

v.

Chien Tang,

Defendant.

Case No. 23-05593-JJG-7A

Adv. Proc. No. 24-50114

MOTION TO ASSERT RIGHTS AND RESPONSE TO TRUSTEE'S CLAIM

Introduction

Defendant, Chien Tang, by filing this Motion, asserts his legal rights to properties associated with unrecorded quitclaim deeds as part of an agreement between himself and the Debtor, Rodney Grubbs. Tang respectfully submits that the Trustee's claim, which seeks to strip Tang of any rights to these properties, conflicts with the original agreement and should not proceed.

☐ ENVELOPE NOT PROVIDED
☐ COPIES NOT PROVIDED

Background

1. Tang received quitclaim deeds from the Debtor, Rodney Grubbs, for properties located at:

- 423 Fountain Ave, Dayton, OH 45405
- 7032 Marsh Creek, Dayton, OH 45426 (collectively, "the Properties").

2. Per the agreed terms between Grubbs and Tang, these quitclaim deeds were to remain unrecorded unless the associated loan went into default.

3. As of the date of this filing, Tang's understanding is that the agreement regarding the recording status of the deeds has not been compromised by any loan default.

Argument

1. Equitable Rights Based on Original Agreement: Tang asserts that the original agreement established his rights to these Properties under specified conditions, which have not been altered or defaulted upon by Tang.

2. Unrecorded Deeds and Intent of Agreement: The Trustee's claim that Tang has no rights to the Properties because the deeds were unrecorded disregards the specific intent and condition upon which these deeds were delivered. An unrecorded deed does not invalidate the agreed-upon terms that safeguard Tang's rights, particularly when it was mutually understood that recording was unnecessary absent a loan default.

3. Standing as an Interested Party: Tang maintains his standing as an interested party with legitimate claims to the Properties based on the agreement and the valid quitclaim deeds issued by Grubbs.

Relief Requested

For the reasons above, Defendant, Chien Tang, respectfully requests that the Court:

1. Dismiss the Trustee's adversary claim against him that seeks to remove his rights to the Properties;

2. Acknowledge Tang's standing and interest in the Properties as per the original agreement with the Debtor; and

3. Grant any other relief that the Court deems just and proper.

Dated: 13th day of November 2024

Respectfully submitted,

*Chien Tang* (signature)

Chien Tang
162 San Pablo Rd. N.
Jacksonville, FL 32225

(904) 607-5611

# USPS Click-N-Ship®

**UNITED STATES POSTAL SERVICE**

usps.com  9470 1036 9930 0076 4304 47 0320 0000 0054 6204
$32.00
US POSTAGE
Flat Rate Env

U.S. POSTAGE PAID
Click-N-Ship®

11/13/2024    Mailed from 32225    986731050781344

## PRIORITY MAIL EXPRESS 1-DAY®

CHIEN TANG
162 SAN PABLO RD N
JACKSONVILLE FL 32225-3276

Scheduled Delivery Date: 11/14/24

0007

C009

**WAIVER OF SIGNATURE**

**SCHEDULED DELIVERY 6:00 PM**

UNITED STATES BANKRUPTCY COURT
STE 116
46 E OHIO ST
INDIANAPOLIS IN 46204-1919

**USPS TRACKING #**

9470 1036 9930 0076 4304 47